### KLINGENBERG v. WERNER.

*(Common Pleas of New York City and County, General Term.   January 4, 1892.)*

MASTER AND SERVANT—DISMISSAL OF SERVANT.
   The executive board of trades-union employed a "district organizer" for a fixed term. *Held,* that they had no right to discharge him, before the expiration of such term, merely because they were dissatisfied with his work.

Appeal from seventh district court.

Action by William Klingenberg against Frederick Werner, as trustee of the Journeyman Tailors' Union. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Edward Grosse,* for appellant.   *John Fennel,* for respondent.

PER CURIAM. This action was brought to recover the salary of the plaintiff as what is known as a "district organizer" for three weeks from February 9, 1891. The constitution of the Journeyman Tailors' Union provides for the election of these organizers by the general membership of said union; it also provides that, in case of a vacancy, such vacancy may be filled by the executive board of the union. A vacancy having occurred, the plaintiff was appointed to fill it by that board on the 10th September, 1890. The mere appointment, as we understand, does not carry with it any salary. The executive board on the 4th January, 1891, employed the plaintiff as a district organizer for the term expiring on March 1st following. The evidence shows that that board became dissatisfied with the plaintiff's work, and on the 9th of February, 1891, undertook to discharge him without hearing or trial, claiming that they had the right to do so. In this we think they erred, as they had made a contract for a specific period of time, and the defendant could be discharged only for gross negligence, refusal to do the work assigned him, or such other causes as authorize a discharge of an employe. Mere dissatisfaction with the way in which he did work is not sufficient. We therefore think that the judgment of the court below was correct, both as to the law and the facts, and should be affirmed.